UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FROILAN MANUEL E.D., | No. 1:26-cv-02938-RLP |
| Petitioner, | ORDER DENYING HABEAS PETITION |
| v. | |
| WARDEN, | |
| Respondent. | |

Before the Court is Petitioner Froilan Manuel E. D.'s [1] ("Petitioner") petition for writ of habeas corpus which contains a request for a temporary restraining order. ECF No. 1. Petitioner challenges the lawfulness of his civil

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

ORDER DENYING HABEAS PETITION ~ 1

detention and seeks immediate release or, alternatively, a bond hearing. In opposition, Respondent contends Petitioner is subject to a mandatory detention under a final order of removal pursuant to 8 U.S.C. § 1231(a)(2)(A). ECF No. 8. The Court agrees with Respondent. Accordingly, and as discussed below, Petitioner's petition for habeas corpus is denied.

## BACKGROUND

Petitioner entered the United States on October 15, 2017 and was arrested by Border Patrol agents near Sasabe, Arizona on that date. ECF No. 8 at 8. A Warrant of Arrest/Notice to Appear was issued. *Id.*; ECF No. 8 at 11. On October 24, 2022, an immigration judge issued an Order of Removal and ordered Petitioner be removed to Guatemala. ECF No. 8 at 15-16. Petitioner appealed the Order of Removal on November 10, 2022. ECF No. 8 at 23. On February 26, 2026, Petitioner was arrested in West Palm Beach, Florida for driving under the influence. ECF No. 8 at 23. The charge remains pending. ECF No. 8 at 29. On April 16, 2026, Petitioner's appeal was dismissed by the Board of Immigration Appeals. ECF No. 8 at 17-18.

Petitioner has been detained since his arrest on February 26, 2026. He seeks release or in the alternative, a bond hearing. He asserts violations of due process and the Immigration and Nationality Act. ECF No. 1.

ORDER DENYING HABEAS PETITION ~ 2

ANALYSIS

Petitioner argues he is entitled to relief because his continued detention without access to a bond hearing violates due process under the Fifth Amendment and is unlawful under § 1226(a) of the INA. ECF No. 1. Respondents contend that because petitioner is now subject to a final removal order, he must be detained pursuant to 8 U.S.C. § 1231(a)(1)(A). ECF No. 8.

Detention authority under section 1226(a) applies pending a decision on whether the individual is to be removed from the United States; section 1231(a) applies during the removal period. *Padilla-Ramirez v. Bible*, 882 F.3d 826, 831 (9th Cir. 2017). The "removal period" begins after an immigration court enters a final order of removal and the case is no longer pending. *See Zadvydas v. Davis,* 533 U.S. 678, 682 (2001). At that point, the government is required to "remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a).

Once the 90-day removal period ends, the Government may continue to detain certain noncitizens. *Id.* § 1231(a)(6). However, the INA does not authorize "indefinite, perhaps permanent, detention" of noncitizens subject to final orders of removal. *Zadvydas*, 533 U.S. at 699. If a noncitizen has been detained for six months past the final removal order, he may be entitled to conditional release upon a showing that he will be indefinitely detained. *See id.* at 701.

Here, Petitioner's removal order became final on April 16, 2026, when the

ORDER DENYING HABEAS PETITION ~ 3

BIA denied his appeal. 8 C.F.R. § 1241.1(a). Petitioner has been detained less than 30 days since his order of removal became final. Petitioner therefore remains subject to mandatory detention pursuant to the 90-day removal period set forth in 8 U.S.C. § 1231(a)(2)(A); *Johnson v. Guzman Chavez*, 594 U.S. 523, 528 (2021) ("During the removal period, detention is mandatory." (citing § 1231(a)(2)). A noncitizen "cannot raise a colorable claim for release under the Due Process Clause of the Fifth Amendment until at least 90 days of detention have passed" since the noncitizen's removal order became final. *Khotesouvan v. Morones*, 386 F.3d 1298, 1299 & n.3 (9th Cir. 2004). Because Petitioner has not been detained for 90 days since his removal order became final, he has no colorable claim for release under the Due Process Clause.

Accordingly, **IT IS ORDERED** that Petitioner's Petition for Habeas Corpus, **ECF No. 1**, is **DENIED** without prejudice.

Judgment shall be entered for the Respondent and the file is CLOSED.

DATED May 11, 2026.

_____
REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE

ORDER DENYING HABEAS PETITION ~ 4